MONGER v. MONGER.

1. Cancellation of Instruments—Parties—Interest in Subject-Matter.

Where grantor, a man nearly 80 years of age, conveyed a farm, all the property he owned, to his grandchildren, without consideration, which they have since mortgaged

and are attempting to sell, a son of said grantor has no such expectancy, reversionary interest, or interest in remainder as to constitute an interest in the subject-matter of the suit entitling him to file a bill to set aside said deed, for an accounting, and to restrain defendants from disposing of the land.

2. SAME—EQUITY—JURISDICTION—DELAY IN PROSECUTING APPEAL. While a court of equity might retain the bill as an injunction bill only until the final determination of a pending inquisition to determine the grantor's mental competency, upon the single ground that in the event of threatened dissipation of said property plaintiff and his sister would be liable in law for the support of their father, where there has been ample time to conclude said inquisition, and a delay of about a year in bringing the cause on for hearing, on appeal from the order of the probate court, the bill will be dismissed.

Appeal from Berrien; Bridgman, J. Submitted October 22, 1918. (Docket No. 99.) Decided December 27, 1918.

Bill by Joseph H. Monger against Esther E. Monger and others to set aside a deed, and for an accounting. From an order denying a motion to dismiss, defendants appeal. Reversed, and bill dismissed.

*Cady & Andrews,* for defendants.

OSTRANDER, C. J. Henry R. Monger, widower, is father of Joseph H. Monger and Mary E. Foster, and grandfather of Esther E., Dwight M. and Vera M. Monger, who are children of a deceased son. These are the only heirs at law of said Henry R. Monger. Henry R. Monger was 80 years old in November, 1916. He owned a small farm—some 31 acres—worth some $6,000. He owned and owns no other property. This land he conveyed by warranty deed, May 6, 1916, to his said grandchildren, and they recorded the deed.

The grandchildren have listed the said land for sale. They have mortgaged the land for $756.81 and are dissipating the money. If the land is sold, the money received therefor will be squandered and the aged grantor become a charge upon the public or upon his children. No consideration was given for the conveyance or for the land by the said grantees. The said grandchildren lived with their grandfather upon the farm, but in December, 1916, they moved said Henry R. Monger from the farm into the city of Benton Harbor, where he lives, sick and confined to his bed, in the home of his said grandchildren. It is believed that the said grandchildren conspired together to persuade and induce the said Henry R. Monger to convey the said farm to them and by persuasion and influence overpowered his weak and feeble mind so that he made the said conveyance, although his living children and he are and have been upon good terms and no reason is known for his action in so conveying away his property.

The facts above stated appear in a bill of complaint filed December 26, 1916, by Joseph H. Monger, son of said Henry R. Monger, who prays that the said deed may be set aside and held to be void and the grantees therein be made to account to the grantor and plaintiff and his sister for all property and moneys which have come into their hands by reason of the premises and that they be meantime restrained from disposing of the land.

Additional facts charged in the bill are that in July, 1916, the daughter of the said grantor applied to the probate court for the appointment of a guardian of the person and property of Henry R. Monger, alleging in her petition that he was mentally incompetent to manage his affairs; that there was a hearing, upon which the petition was dismissed and an appeal was taken to the circuit court from the order of the

probate court and is pending. There is no averment touching the ages or pecuniary responsibility of the grandchildren. It is assumed that they are not infants. The grandchildren made defendants in the bill moved to dismiss it upon the ground that the plaintiff, upon the face of the bill, has no interest in the subject-matter of the suit and is not entitled to the relief prayed for. Coming on to be heard, the motion was overruled July 25, 1917, as was also a motion to dissolve the injunction, and plaintiff was given 15 days in which to file an amended bill and make the guardian of Henry R. Monger a party to the suit. No costs were given. The demurring defendants have appealed from this order, leave to do so having been granted by this court. No brief for plaintiff has been filed; the cause was submitted without argument.

Recognizing the rule that a plaintiff must have some interest in the subject-matter of the suit he begins, the learned trial judge was of opinion that here such an interest might be an expectancy, a reversionary interest, or interest in remainder, and that upon the allegations of the bill the heirs of Henry R. Monger had a direct interest. We cannot agree with this. There is a single ground upon which a court of equity might retain this bill as an injunction bill only until the final determination of the pending inquisition, and that is that in the event of threatened dissipation of the property the plaintiff and his sister would be liable in law for the support of their father. We have considered whether such an order ought to be made. We have said that the bill was filed December 26, 1916, the order appealed from made July 25, 1917. The case was settled October 29, 1917, and the printed record received by the clerk of this court November 16, 1917. Not until the October term, 1918, was the cause brought on for hearing. There has been ample time

to conclude the inquisition begun in probate court and pending in the circuit court when the bill was filed.

We conclude that an order should be entered reversing the order of the court below and dismissing the bill, appellants to recover costs of this appeal.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.